UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN RAY HERSH,

      Plaintiff,

v.                                                             Case No. 3:22-cv-408-BJD-LLL

LEROY SCOTT,

      Defendant.
_____

## ORDER

### I. Status

Plaintiff, Jonathan Ray Hersh, an inmate of the Florida Department of Corrections (FDOC), is proceeding *pro se* and *in forma pauperis* on a complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1; Compl.). Plaintiff alleges the sole Defendant, Leroy Scott, an officer at the Reception and Medical Center (RMC), violated his rights under the Eighth Amendment by "punch[ing] [him] in the face" while handcuffed. Compl. at 3-5. He seeks compensatory damages for injuries to his neck and back. *Id.* at 5.

Defendant Scott seeks dismissal of the complaint on one ground: Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) (Doc. 10; Def. Mot.). In support, Defendant Scott provides copies of grievances Plaintiff filed between January 1, 2022, and June

16, 2022, with corresponding grievance logs (Docs. 10-1 through 10-3; Def. Exs. A-C). In opposition to the motion (Doc. 19; Pl. Resp.), with exhibits (Docs. 19-1 through 19-9; Pl. Exs. A-I),[1] Plaintiff maintains he exhausted his administrative remedies.

## II. Exhaustion

The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of this requirement "is to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1214-15 (11th Cir. 2015). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). *See also Jones v. Bock*, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" *Woodford v. Ngo*, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," *Pavao v. Sims*, 679 F. App'x 819, 823 (11th Cir. 2017) (citing *Jones*, 549 U.S. at 211).

Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion" as set forth in applicable administrative rules and

---

[1] The Court will not use the exhibit labels Plaintiff assigns, which are confusing.

policies. *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Id.* Generally, to properly exhaust administrative remedies, a Florida prisoner must timely complete a three-step process as fully set forth in the Florida Administrative Code (FAC). *See* Fla. Admin. Code rr. 33-103.001 through 33-103.018. Except for specific, enumerated issues, a prisoner generally must initiate the grievance process at the first step by filing an informal grievance within "20 days of when the incident or action being grieved occurred." *See* Fla. Admin. Code rr. 33-103.005(1), 33-103.011(1)(a).

If an informal grievance is denied, a prisoner must proceed to the second step of the process by filing a formal grievance at the institution level within 15 days from "[t]he date on which the informal grievance was responded to." *See* Fla. Admin. Code rr. 33-103.006(1), 33-103.011(1)(b). The third and final step of the grievance process requires a prisoner to submit an appeal to the Office of the Secretary of the FDOC within 15 days "from the date the response to the formal grievance [was] returned to the inmate." *See* Fla. Admin. Code rr. 33-103.007(1), 33-103.011(1)(c).

A prisoner may bypass the first step of the grievance process when complaining about or seeking assistance related to an emergency, disciplinary action, a reprisal, bank issues, medical needs, gain time, placement in close

management, accommodations for disabilities, the return of incoming mail, or sexual abuse. *See* Fla. Admin. Code rr. 33-103.005(1), 33-103.006(3). A prisoner may bypass both the first and second steps of the grievance process and "proceed directly to the Office of the Secretary" on an issue related to an emergency, a reprisal, protective management, reading material, sentence structure (such as release date), or his inmate bank account. *See* Fla. Admin. Code rr. 33-103.005(1), 33-103.007(3).

A grievance filed at any step of the process may be returned to the prisoner without action or processing for certain enumerated procedural deficiencies, including untimeliness, addressing more than one issue, vagueness, being illegible, failing to attach required documents, or, in the case of a prisoner who bypasses the first or second step of the process, failing to "provide a valid reason" for doing so. *See* Fla. Admin. Code r. 33-103.014(1). When a grievance is returned without action, a prisoner may refile the grievance "utilizing the proper procedure" if he has time remaining in which to do so. *See* Fla. Admin. Code r. 33-103.014(2)(a). If the prisoner's time to file a grievance under the proper procedure had already expired when his initial grievance is returned, he may request an extension under subsection 33-103.011(2). *See* Fla. Admin. Code r. 33-103.014(2)(b).

Prisoners are not required to "specially plead or demonstrate exhaustion in their complaints." *See Jones*, 549 U.S. at 216. The determination of whether a prisoner exhausted his available administrative remedies before pursuing a federal claim is a matter of abatement, properly addressed through a motion to dismiss. *See Bryant*, 530 F.3d at 1374-75. As such, the defendant bears the burden. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). When confronted with an exhaustion defense, courts in the Eleventh Circuit employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. . . . Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

*Whatley*, 802 F.3d at 1209 (citing *Turner*, 541 F.3d at 1082-83).

The use-of-force incident of which Plaintiff complains occurred on January 4, 2022. *See* Compl. at 4-5. Defendant acknowledges Plaintiff filed some grievances about this incident but argues Plaintiff did not exhaust his administrative remedies because his grievances were returned without action. *See* Def. Mot. at 9-12. Defendant's exhibits show Plaintiff filed the following grievances and received the following responses: (1) an informal grievance on January 20, 2022, which was returned without action for addressing more than

5

one issue and for using multiple copies of grievance forms rather than attachments; (2) a formal grievance on April 6, 2022, which was returned without processing because Plaintiff's allegations had already been "reported to the Office of the Inspector General [(IG's Office)]"; (3) a formal grievance on May 22, 2022, which again was returned without processing because Plaintiff's allegations had been reported to the IG's Office; (4) a direct grievance to the Office of the Secretary on February 10, 2022, which was returned without action because Plaintiff did not "first submit [a] grievance at the appropriate level at the institution" or provide a valid reason for not doing so; and (5) a direct grievance to the Office of the Secretary on February 28, 2022, which was returned without action because Plaintiff reported the same issue he reported in his February 10, 2022 grievance. *See* Def. Ex. A at 3-6; Def. Ex. B at 3-4, 7-8; Def. Ex. C at 3.

In his response, Plaintiff contends he exhausted his administrative remedies for two reasons: the Office of the Secretary improperly returned his grievances without processing; and his allegations were referred to the IG's Office for investigation. Pl. Resp. at 2-6; Pl. Ex. A at 1-3. Accepting as true that Plaintiff exhausted his administrative remedies, as he asserts, the Court cannot resolve the issue at the first step of the *Turner* analysis and, therefore, will resolve factual disputes at the second step of the *Turner* analysis. *See*

*Bryant*, 530 F.3d at 1376 (holding a district court must act as a factfinder when ruling on a matter in abatement, such as exhaustion).

 First, Plaintiff argues he permissibly bypassed the first two steps of the grievance process and proceeded directly to the Office of the Secretary because he feared reprisal or retaliation if he were to grieve his issue at the institution. Pl. Resp. at 3-4; Pl. Ex. A at 1. He notes that the grievance form itself instructs prisoners they may file grievances directly with the Office of the Secretary if they "feel [they] may be adversely affected by the submission of a grievance at the institutional level." Pl. Resp. at 3; *see also* Pl. Ex. A at 1; Pl. Ex. C at 1. Plaintiff's contention that he feared reprisal or retaliation is unconvincing given he did in fact file a grievance at RMC about the January 4, 2022 incident, and when he filed the direct grievances to the Office of the Secretary, he was housed at a Apalachee Correctional Institution, not at RMC. *See* Def. Ex. B at 4, 8; Def. Ex. C at 3-5; Pl. Ex. F at 1-3.

 Regardless of the reason Plaintiff sought to bypass the first two steps of the grievance process, his subjective belief that the responding official wrongly returned it without processing is insufficient to satisfy the exhaustion requirement. In response to the February 10, 2022 grievance, Plaintiff was given "an additional 15 days from the date of [the] response" to submit a proper grievance at the institution. *See* Def. Ex. A at 3; Pl. Ex. D at 2. Thus, even if he

7

disagreed with the responding official's assessment, Plaintiff had time to file a new grievance using the proper procedure. *See* Def. Ex. A at 3; Pl. Ex. D at 2. It appears he opted not to do so. Rather, he chose to grieve the issue directly to the Office of the Secretary a second time. *See* Def. Ex. A at 6; Pl. Ex. E at 1. Because Plaintiff's direct grievances to the Office of the Secretary were returned without action, they do not satisfy the exhaustion requirement.

Next, Plaintiff asserts he exhausted his administrative remedies because his allegations were reported to and investigated by the IG's Office. *See* Pl. Resp. at 2-3. According to Plaintiff, this satisfies the purpose of the PLRA's exhaustion requirement, which is "to put the administrative authority on notice of [a problem] . . . and allow the authority an opportunity to investigate." *Id.* at 3 (internal punctuation omitted).

In some circumstances, an investigation by the IG's Office may be relevant to the exhaustion analysis. For instance, when a prisoner files a grievance before filing a federal action and, in response to that grievance, is informed that his allegations have been reported for investigation—to the IG's Office or another authority—then, regardless of whether the responding official "denies" or "approves" the grievance, the prisoner may be deemed to have exhausted his administrative remedies under the PLRA. *See Luckey v. May*, No. 5:14-cv-315-MW-GRJ, 2016 WL 1128426, at *11 (N.D. Fla. Feb. 17,

8

2016), *report and recommendation adopted sub nom.*, 2016 WL 1169481 (N.D. Fla. Mar. 22, 2016) (finding the plaintiff exhausted his administrative remedies where, before filing his federal action, he filed an informal grievance, which was "approved" from the standpoint that his allegations had been referred to the IG's office). *See also Tierney v. Hattaway*, No. 3:20-cv-5738-LAC-ZCB, 2022 WL 18159995, at *2 (N.D. Fla. Dec. 9, 2022) ("Given that [the plaintiff's] informal grievance was 'approved,' and the matter referred to the [IG], it would have been pointless for [him] to appeal by filing a formal grievance."); *Ham v. Salmon*, No. 20-cv-81071-RAR, 2022 WL 1555080, at *6 (S.D. Fla. May 17, 2022) (finding it would be "illogical" to conclude that a prisoner did not exhaust his administrative remedies when he was informed in response to a grievance that his allegations had been referred to the IG's office for investigation even though the grievance technically was "denied").

In Plaintiff's case, the IG investigation is not relevant to the exhaustion analysis because there is no indication that investigation resulted from Plaintiff having filed a proper grievance in compliance with the FAC. Plaintiff filed two formal grievances about the January 4, 2022 use-of-force incident, both of which were returned without action because his allegations had already been reported to the IG's Office. S*ee* Def. Ex. B at 3-4, 7-8. Even if the responses to Plaintiff's formal grievances can or should be construed as "approvals" from

9

the standpoint that appealing the decisions arguably would have been "pointless," *see Tierney*, 2022 WL 18159995, at *2, Plaintiff filed those grievances on April 5, 2022, and May 22, 2022, *after* he filed his complaint in this Court. Under the mailbox rule, Plaintiff filed his complaint on April 4, 2022. *See* Doc. 1-1 (mailing envelope). As such, the April 5, 2022, and May 22, 2022 grievances do not satisfy the exhaustion requirement. *See* 42 U.S.C. § 1997e(a) ("No action shall be *brought* . . . until … administrative remedies . . . are . . . exhausted." (emphasis added)). *See also Jones*, 549 U.S. at 202 (explaining that prisoners are required to exhaust administrative remedies "before filing suit"); *Bryant*, 530 F.3d at 1372 ("[T]he PLRA requires inmates to exhaust available administrative remedies before filing a lawsuit.").

Plaintiff appears to suggest the mere fact that the IG's office investigated his allegations relieves him of his obligation to properly exhaust his administrative remedies in accordance with the FAC. *See* Pl. Resp. at 2-3. There is no authority for this proposition, however. On the contrary, the Supreme Court has made clear that Congress's mandatory language "foreclos[es] judicial discretion" with respect to exhaustion, and the only exception to the PLRA's exhaustion requirement is the one "baked into its text": unavailability. *Ross v. Blake*, 578 U.S. 632, 639, 648 (2016). Plaintiff does not allege, and the facts do not demonstrate, the grievance process was

10

unavailable to him. *See id.* at 643-44 (explaining the limited circumstances in which a grievance procedure is "unavailable" to a prisoner).

It is unclear how the IG's Office learned of Plaintiff's allegation of staff abuse.[2] But there is no evidence suggesting the IG's investigation stemmed from Plaintiff having filed a proper grievance. Moreover, the FAC provides no exception to the exhaustion requirement in circumstances where allegations of staff abuse are referred to the IG's Office independent of or separate from the grievance process. *See* Fla. Admin. Code rr. 33-103.001 through 33-103.018. As such, the IG's investigation alone does not demonstrate Plaintiff exhausted his administrative remedies before filing suit. *See Fleming v. Espino*, No. 3:20-cv-853-MMH-JRK, 2021 WL 5083743, at *7 (M.D. Fla. Nov. 2, 2021) (concluding the IG's investigation was not relevant to the exhaustion analysis where there was no indication the investigation resulted from a grievance filed by the prisoner).

---

[2] In an informal grievance, Plaintiff complained that Defendant Scott "slugged" him in the face using an open hand, and then immediately "escorted [him] to medical" for an evaluation. Def. Ex. C at 3-4. The response to this informal grievance did not suggest Plaintiff's complaints (of which there were many, including that the Latin Kings had placed a "hit" on his life) had been referred to the IG's Office. It is possible the incident was internally reported in accordance with Florida Statutes, which requires a prison official who applies force against an inmate to prepare a report, which is "delivered to the warden … [and then] to the office [IG's Office]." *See* Fla. Stat. § 944.35(2) (2022).

11

Because Plaintiff did not exhaust his administrative remedies before bringing this action, Defendant's motion is due to be granted.

Accordingly, it is

**ORDERED:**

1. Defendant's motion to dismiss (Doc. 10) is **GRANTED**. The claims against Defendant Scott are **dismissed without prejudice** for Plaintiff's failure to exhaust his administrative remedies.

2. The **Clerk** is directed to enter judgment, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of February 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Jonathan Hersh
    Counsel of Record